# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR413-004 |
| | ) | |
| ANTONIO RAMIREZ-CATALAN | ) | |

## **ORDER**

Antoinio Ramirez, a defendant in this sex-trafficking case, is charged in two of the sixteen counts set forth in the First Superseding Indictment (doc. 110). At his arraignment today, the Court utilized the services of an interpreter in explaining the substance of the charges he faces (transporting, and conspiring to transport, a person in interstate commerce for purposes of prostitution). Ramirez' counsel waived the formal reading of the indictment but requested that the entire indictment be translated into Spanish so that he could furnish a copy to his client. Counsel did not assert that his client lacked an understanding of the charges but explained that it is his customary practice to furnish each client with a copy of all documents in the case, and his client's inability to speak or read English made it necessary to request a Spanish language

version of the indictment.

While the Court provides an interpreter in every criminal proceeding for a defendant who lacks English language proficiency, neither it nor the government is required to provide for the physical translation of Court documents or discovery. *See* 5 Admin. Office of the United States Courts, Guide to Judiciary Policies and Procedures ("Guide") § 550.30 (2013) (recipients of official court documents are responsible for translating them as necessary for that party's understanding of the document); *United States v. Fabela*, 256 F. App'x 12, 14 (8th Cir. 2007) ("We also reject out of hand [defendant]'s pure policy claim that 'District Courts should require U.S. Attorneys to reasonably translate indictments and documents into Spanish.'"); *see also* Guide § 550.20.40 ("Translations and transcriptions are not within the scope of the Court Interpreters Act, and payment for such services is not funded from the general authorization for contract court interpreting."). Instead, it is the responsibility of defendant's counsel to obtain an interpreter to translate relevant portions of the indictment to his client, if such a translation is truly necessary for adequate representation. *See*

*United States v. Pimentel*, 459 F. Supp. 923, 927 (D.C.N.Y. 1978) ("this Court sees no need, nor has any inclination, to . . . require translation of the entire indictment"); *see also* 18 U.S.C. § 3006A(e). Consequently, Ramirez' request to have the indictment translated is **DENIED**.

**SO ORDERED** this 28th day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA